UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS LOPEZ, | No.  2:14-cv-2568 GEB AC P |
| Petitioner, | |
| v. | ORDER |
| SCOTT FRAUENHEIM, Warden, | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  The court ordered service of petitioner's habeas corpus petition on March 11, 2015, and respondent filed an answer on June 10, 2015.  Petitioner's traverse is due thirty days thereafter.  Petitioner now requests the appointment of counsel.  He states that he is 20 years old, serving a 17-year sentence for a crime he allegedly did not commit; that neither he nor his family can afford to retain an attorney; and that petitioner does not understand the legal mail he has received from the Attorney General.  See ECF No. 20.

    The Sixth Amendment right to counsel does not extend to federal habeas corpus actions filed by state prisoners under Section 2254.  McCleskey v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (no constitutional right to appointment of counsel in habeas proceedings).  Nevertheless, a district court may appoint counsel for an indigent habeas petitioner upon a finding that "the interests of justice so require."  18 U.S.C. §

1  3006A(a)(2)(B); <u>see</u> also Rule 8(c), Fed. R. Governing § 2254 Cases; <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986) ("[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Whether to appoint counsel in a given habeas proceeding is a matter within the district court's discretion, unless an evidentiary hearing is necessary. <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 729-30 (9th Cir. 1986) (interests of justice require appointment of counsel when an evidentiary hearing is conducted on the petition).[1]

In the present case, the court finds that the interests of justice do not require appointment of counsel at this time. Petitioner's indigence, age, sentence and asserted innocence are circumstances common to many prisoners. Moreover, the petition currently pending in this court, and answered by respondent, demonstrates that petitioner is capable of articulating his claims pro se despite the complexity of the issues involved. Whether an evidentiary hearing is warranted in this case cannot be determined prior to the analysis required under Section 2254(d). See <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1399 (2011). For present purposes, the court will extend time for petitioner to file a reply to respondent's answer.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for appointment of counsel, ECF No. 20, is denied without prejudice; and

2. Petitioner is granted an extension of time until July 31, 2015, in which he may file and serve a reply (traverse) to respondent's answer to the petition.

DATED: June 25, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Absent an evidentiary hearing and as a general rule, a court may appoint counsel only under "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." <u>Id.</u> (citations and internal quotation marks omitted).